**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| TRUSTEES OF THE NATIONAL ELEVATOR INDUSTRY PENSION FUND<br>19 Campus Boulevard, Suite 200<br>Newtown Square, PA 19073-3228, | : <br> : <br> : <br> : <br> : |
| TRUSTEES OF THE NATIONAL ELEVATOR INDUSTRY HEALTH BENEFIT PLAN<br>19 Campus Boulevard, Suite 200<br>Newtown Square, PA 19073-3228, | : <br> : <br> : <br> : <br> : |
| TRUSTEES OF THE NATIONAL ELEVATOR INDUSTRY EDUCATIONAL PLAN<br>19 Campus Boulevard, Suite 200<br>Newtown Square, PA 19073-3228, | : <br> : <br> : <br> : <br> : |
| TRUSTEES OF THE ELEVATOR INDUSTRY WORK PRESERVATION FUND<br>19 Campus Boulevard, Suite 200<br>Newtown Square, PA 19073-3228, | : **COMPLAINT**<br> : **CIVIL ACTION NO.**<br> : <br> : <br> : |
| and | : <br> : |
| TRUSTEES OF THE ELEVATOR CONSTRUCTORS ANNUITY AND 401(K) RETIREMENT FUND<br>19 Campus Boulevard, Suite 200<br>Newtown Square, PA 19073-3228, | : <br> : <br> : <br> : <br> : |
| Plaintiffs, | : <br> : |
| v. | : <br> : |
| ALSTOM TRANSPORT USA, INC.<br>1501 Lebanon Church Road<br>Pittsburgh, PA  15236-1406 | : <br> : <br> : <br> : |
| Defendant. | : |

**COMPLAINT**

**(TO COMPEL A PAYROLL AUDIT)**

**Parties**

1.    The National Elevator Industry Pension Fund ("Pension Fund") is a multiemployer employee benefit plan as those terms are defined in Sections 3(3) and (37) of the Employee Retirement Income Security Act of 1974 (as amended) ("ERISA"), 29 U.S.C. §§ 1002(3) and (37). The Pension Fund was established and is maintained according to the provisions of its Restated Agreement and Declaration of Trust.  The Pension Fund is administered at 19 Campus Boulevard, Suite 200, Newtown Square, Pennsylvania 19073-3228.   The Trustees are the designated fiduciaries as defined in § 3(21) of ERISA, 29 U.S.C. § 1002(21).

2.    The National Elevator Industry Health Benefit Plan ("Health Benefit Plan") is a multiemployer employee benefit plan as those terms are defined in Sections 3(3) and (37) of the Employee Retirement Income Security Act of 1974, 29 U.S.C. §§ 1002(3) and (37).  The Health Benefit Plan was established and is maintained according to the provisions of its Restated Agreement and Declaration of Trust.  The Health Benefit Plan is administered at 19 Campus Boulevard, Suite 200, Newtown Square, Pennsylvania 19073-3228.   The Trustees are the designated fiduciaries as defined in § 3(21) of ERISA, 29 U.S.C. § 1002(21).

3.    The National Elevator Industry Educational Plan ("Educational Plan") is a multiemployer employee benefit plan as those terms are defined in Sections 3(3) and (37) of the Employee Retirement Income Security Act of 1974, 29 U.S.C. §§ 1002(3) and (37).   The Educational Plan was established and is maintained according to the provisions of its Restated Agreement and Declaration of Trust.  The Educational Plan is administered at 19 Campus Boulevard, Suite 200, Newtown Square, Pennsylvania 19073-3228.   The Trustees are the designated fiduciaries as defined in § 3(21) of ERISA, 29 U.S.C. § 1002(21).

4.    The Elevator Industry Work Preservation Fund ("Work Preservation Fund") is a labor-management cooperation committee as provided for in Section 302(c)(9) of the Taft-Hartley

Act, 29 U.S.C. § 186(c)(9), and Section 6 of the Labor-Management Cooperation Act of 1978, 29 U.S.C. § 175a.  The Work Preservation Fund was established and is maintained according to the provisions of its Restated Agreement and Declaration of Trust.  The Work Preservation Fund is administered at 19 Campus Boulevard, Suite 200, Newtown Square, Pennsylvania 19073-3228.

5.    The Elevator Constructors Annuity and 401(k) Retirement Fund ("Annuity 401(k) Fund") is a multiemployer employee benefit plan as those terms are defined in Sections 3(3) and (37) of the Employee Retirement Income Security Act of 1974, 29 U.S.C. §§ 1002(3) and (37). The Annuity 401(k) Plan was established and is maintained according to the provisions of its Restated Agreement and Declaration of Trust.  The Annuity 401(k) Plan is administered at 19 Campus Boulevard, Suite 200, Newtown Square, Pennsylvania 19073-3228.  The Trustees are the designated fiduciaries as defined in § 3(21) of ERISA, 29 U.S.C. § 1002(21).

6.    Alstom Transport USA, Inc. ("Alstom") is a Delaware business existing under the laws of the state of Delaware with offices located at 1501 Lebanon Church Road, Pittsburgh, PA 15236-1406.

7.    Alstom transacts or transacted business in Pennsylvania as a contractor or subcontractor in the elevator industry and at all relevant times herein was an "employer in an industry affecting commerce" as defined in Sections 3(5), (9), (11), (12) and (14) of ERISA, 29 U.S.C. §§ 1002(5), (9), (11), (12) and (14); and Section 3 of the Multiemployer Pension Plan Amendments Act of 1980, 29 U.S.C. § 1001a.

8.    At all relevant times, Alstom was and is bound to the Los Angeles Department of Airports Construction Project Labor Agreement ("LAX PLA")) and the agreement between the City of Los Angeles and LAX Integrated Express Solutions ("LINXS Agreement"), whereby Alstom Transport, as a subcontractor under the LINXS Agreement, "agreed to be a party to and

bound by the [LAX PLA]." The LAX PLA obligates Alstom to comply with the reporting and contribution obligations set forth in the Collective Bargaining Agreement of the International Union of Elevator Constructors, which is currently the NEBA Agreement with the International Union of Elevator Constructors (July 9, 2022 – July 8, 2027)

9. Pursuant to Article IX, Section 2 of the LAX PLA, Alstom also "adopt[ed] and agree[d] to be bound by the written terms of the applicable, legally established, trust agreement(s) specifying the detailed basis on which payments are to be made into, and benefits paid out of, such Trust Funds for his employees. The Contractor authorizes the parties to such Trust Funds to appoint Trustees and successor Trustees to administer the Trust Funds and hereby ratifies and accepts the Trustees so appointed as it made by the Contractor."

10. During the period of March 8, 2025 through the present, the Defendant Alstom employed employees performing work covered by the LAX PLA and subject to the contribution and reporting obligations of the Collective Bargaining Agreements.

### Jurisdiction

11. This Court has jurisdiction of this action under Sections 502 and 515 of the Employee Retirement Income Security Act of 1974 (as amended) ("ERISA"), 29 U.S.C. §§ 1132 and 1145, under Sections 301(a) and (c) of the Labor Management Relations Act ("LMRA"), 29 U.S.C. § 185(a) and (c), and supplemental jurisdiction for any state law claims under 28 U.S.C. Section 1367(a). This is an action to enforce an employer's contractual obligation to cooperate with a payroll audit, to submit monthly contribution reports and payments, and other contributions pursuant to the Collective Bargaining Agreements, and for appropriate equitable relief.

12. Venue is proper in this district pursuant to Sections 502(e)(2) of ERISA, 29 U.S.C. § 1132(e), and Sections 301(a) and (c) of the LMRA, 29 U.S.C. § 185(a) and (c), as the district in

which the Employee Benefit Plan Plaintiffs are located and administered.

13.    This Court has personal jurisdiction over the Defendants pursuant to Section 502(e)(2) of ERISA, 29 U.S.C. § 1132(e)(2), and Sections 301(a) and (c) of the LMRA, 29 U.S.C. § 185(a) and (c).

## COUNT I

### (TO COMPEL A PAYROLL AUDIT)

14.    The Plaintiffs hereby restate and incorporate by reference the allegations set forth in paragraphs 1 through 13 as if fully set forth in Count I.

15.    An audit of Defendant Alstom's records from March 8, 2025 to the date the audit can be completed, will permit the Plaintiffs to determine whether the Defendant has and is properly reporting the correct number of employees working under the LAX PLA, the correct number of hours worked by the employees, the correct contribution rates, and the correct amounts owed to each of the Plaintiffs.

16.    Defendant Alstom has refused requests to cooperate in a payroll audit to be conducted on behalf of the Plaintiffs by the certified public accounting firm of Daniel A. Winters & Co.

17.    Pursuant to the LAX PLA and LINXS Agreement, the Defendant is a party to and bound by the terms and conditions of the Plaintiffs' Restated Agreements and Declarations of Trust.

18.    Under the terms of the Plaintiffs' Restated Agreements and Declarations of Trust, and Section 502(a)(3) of ERISA, 29 U.S.C. § 1132(a)(3), and *Central States Pension Fund v. Central Transport, Inc.*, 472 U.S. 559 (1985), the Plaintiffs are entitled to obtain and conduct an audit of Defendant Alstom's payroll and related records and an employer is obligated to submit to a payroll compliance review conducted by the Plaintiffs.

5

19.    Plaintiffs will seek a judgment in this action against the Defendants for all contributions, interest, liquidated damages and attorneys' fees and costs which are discovered to be due as a result of the audit.

**WHEREFORE,** the Plaintiffs pray judgment on Counts I through II as follows:

1.    That the Court find the Defendant Alstom liable in the amount of contributions, interest, liquidated damages, attorneys' fees, court costs, and audit costs owed to the Plaintiffs pursuant to an audit for the period of March 8, 2025 through the date the audit is completed; and

2.    For such further relief as the Court may deem appropriate.

Respectfully submitted,

Date:    May 5, 2026

s/ Andrew Costa-Kelser
Andrew Costa-Kelser, Bar No. 314865
**O'DONOGHUE & O'DONOGHUE LLP**
325 Chestnut Street, Suite 600
Philadelphia, PA 19106
Telephone (215) 629-4970
Facsimile (215) 629-4996
akelser@odonoghuelaw.com

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing Complaint has been served by certified mail, as required by 502(h) of the Employee Retirement Income Security Act of 1974, 29 U.S.C. 1132(h), on this 5th of May, 2026 on the following:

> Internal Revenue Service,
> Office of the Associate Chief Counsel, CC:EEE
> Room 4300
> 1111 Constitution Avenue, NW
> Washington, DC 20224
>
> Secretary of Labor
> 200 Constitution Avenue, N.W.
> Washington, DC 20210
> ATTN: Assistant Solicitor
>         for Plan Benefits Security

> s/ Andrew Costa-Kelser
> Andrew Costa-Kelser